IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH LEWIS,
an individual,

    Plaintiff,

vs.

THE CHILDREN'S HOME, INC.,
d/b/a THE CHILDREN'S HOME
NETWORK, a Not For Profit
Corporation,

    Defendant.

CASE NO.:

_____/

## Complaint and Demand for Jury Trial

JOSEPH LEWIS, ("Mr. Lewis" or "Plaintiff") by and through undersigned counsel, brings this action against Defendant, THE CHILDREN'S HOME, INC., d/b/a THE CHILDREN'S HOME NETWORK ("CHN" or "Defendant") and in support of his claims states as follows:

## Nature of Action

1. This action is brought pursuant to violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq.*, as amended ("Title VII").

## Parties

2. Plaintiff is an African American male and resident of Hillsborough County, Florida.

3. At all times material to this action, Defendant CHN is a not-for-profit corporation licensed to do business in the State of Florida and doing business in Hillsborough County, Florida.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

5. Venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §1391(b)(2) because all events giving rise to these claims occurred in Hillsborough County, Florida.

## Administrative Prerequisites

6. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). A copy of the charge is attached as Exhibit "A".

7. A notification of Right to Sue was received from the EEOC on or about September 23, 2021, and a copy is attached as Exhibit "B". This Complaint has been filed within ninety (90) days of receipt thereof.

8. All conditions precedent to bringing this action have been satisfied and/or waived.

## Factual Allegations

9. On or around October 8, 2013, Mr. Lewis began his employment with CHN. During Mr. Lewis' time at CHN, Mr. Lewis was a stellar employee and never faced discipline by CHN before his termination.

10. CHN is a child and family centered nonprofit organization that is positioned to care for struggling families and children seeking the comfort of a loving family.

11. Mr. Lewis' duties included caring for the children at CHN's Kid's Village. The Kid's Village is a residential facility for children ages 6 through 17 who are victims of abuse, neglect, abandonment and are legal wards of the state.

12. On or around December 23, 2020, Mr. Lewis took the children to an off-campus event. When they returned from the outing, Mr. Lewis noticed that a small fire broke out in the kitchen. It was later determined that the chef was the cause of the small fire.

13. After Mr. Lewis extinguished the small kitchen fire, he completed an incident report concerning the small fire then left for the day to enjoy his holiday vacation with family. He was scheduled to return to work on December 30, 2020.

14. On or around December 30, 2020, when Mr. Lewis returned to work, he was told, per CHN's "Worker's Compensation Policy", he needed to take a drug screen due to the kitchen fire although Mr. Lewis was not present when the fire started and CHN knew he was not the cause of the fire.

15. On or around December 30, 2020, Mr. Lewis received the necessary paper work to complete his drug screen and completed his drug screen the same day.

16. The results of Mr. Lewis' drug screen were negative.

17. On or around January 6, 2021, CHN terminated Mr. Lewis' employment for failure to follow CHN's worker's compensation policy and submit to a drug test within twenty-four (24) hours after a work-related accident.

18. Mr. Lewis was never informed before December 30, 2020, that he needed to take a drug test within 24 hours after the small kitchen fire.

19. Additionally, CHN did not discipline or fire two white female employees when they violated CHN's Worker's Compensation Policy and failed to take their drug screen within 24 hours after a work-related accident.

20. In 2019, Ashley, a white female, go into a car accident, during the course of her employment, while transporting the children who are residents of CHN's Kids Village. Ashley was not disciplined, nor was her employment terminated, when she violated CHN's Worker's Compensation Policy and failed to complete her drug screen within 24 hours of the work-related accident.

21. Another white female, Kelli, go into a car accident, during the course of her employment, while transporting the children who are residents of CHN's Kids Village. Kelli was not disciplined, nor was her employment

4

terminated, when she violated CHN's Worker's Compensation Policy and failed to complete her drug screen within 24 hours of the work-related accident.

## **Count I Violation of Title VII – Discrimination Based on Race**

22. Plaintiff realleges paragraphs One (1) through Twenty-One (21) as though fully set forth herein.

23. Plaintiff is a member of a protected class because he is African American.

24. Plaintiff was qualified for the position he held.

25. Plaintiff suffered an adverse employment action when his employment was terminated by Defendant.

26. Defendant treated two white female employees, Kelli and Ashley, who were similarly situated to Plaintiff, more favorably when both were not fired when they failed to follow Defendant's Worker's Compensation Policy, while firing Plaintiff for allegedly doing the same.

27. Defendant treated two white female employees, Kelli and Ashley, who were similarly situated to Plaintiff, more favorably when both were not fired when they failed to take a drug screen within 24 hours

after a work-related accident, while firing Plaintiff for allegedly doing the same.

28. Defendant terminated Plaintiff's employment due to his Race.

29. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant to include an award of: backpay and benefits, front pay, prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, punitive damages, costs, reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

## **Count II Violation of Title VII – Discrimination Based on Sex**

30. Plaintiff Realleges paragraphs One (1) through Twenty-One (21) as though fully set forth herein.

31. Plaintiff is male.

32. Plaintiff was qualified for the position he held.

33. Plaintiff suffered an adverse employment action when his employment was terminated by Defendant.

34. Defendant treated two white female employees, Kelli and Ashley, who were similarly situated to Plaintiff, more favorably when both were not fired when they failed to follow Defendant's Workers

Compensation Policy, while firing Plaintiff for allegedly doing the same.

35. Defendant treated two white female employees, Kelli and Ashley, who were similarly situated to Plaintiff, more favorably when both were not fired when they failed to take a drug screen within 24 hours after a work-related accident, while firing Plaintiff for allegedly doing the same.

36. Defendant terminated Plaintiff's employment due to his Sex.

37. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant to include an award of: backpay and benefits, front pay, prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, punitive damages, costs, reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury for all issues so triable.

Dated: **October 29, 2021**

Respectfully submitted,

*/s/Aaron C. Roberson*
AARON C. ROBERSON
Florida Bar Number 1018139
DERON T. ROBERSON, JR.
Florida Bar Number 1011941
ROBERSON & ROBERSON P.A.
Email:
a.roberson@robersonemploymentlaw.com
d.roberson@robersonemploymentlaw.com
Info@robersonemploymentlaw.com
16057 Tampa Palms Blvd. W. #231
Tampa, Florida 33602
Phone:  813.808.3688
Attorneys for Plaintiff